# Supreme Court of Florida

_____

No. SC19-155

_____

**IN RE: AMENDMENTS TO THE FLORIDA SMALL CLAIMS RULES —
2019 REGULAR CYCLE REPORT.**

December 12, 2019

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Small Claims Rules. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## BACKGROUND

The Florida Bar's Small Claims Rules Committee (Committee) has filed its regular-cycle report proposing amendments to the Florida Small Claims Rules (Small Claims Rules). *See* Fla. R. Jud. Admin. 2.140(b). The Committee proposes amending the following rules and forms: rules 7.020 (Applicability of Rules of Civil Procedure); 7.040 (Clerical and Administrative Duties of Clerk); 7.050 (Commencement of Action; Statement of Claim); 7.060 (Process and Venue); 7.080 (Service and Filing of Pleadings and Documents Other than Statement of

Claim); 7.090 (Appearance; Defensive Pleadings; Trial Date); 7.100

(Counterclaims, Setoffs, Third-Party Complaints, Transfer when Jurisdiction

Exceeded); 7.130 (Continuances and Settlements); 7.150 (Jury Trials); 7.160

(Failure of Plaintiff or Both Parties to Appear); 7.175 (Motions for Costs and

Attorneys' Fees); 7.180 (Motions for New Trial; Time For; Contents); 7.190

(Relief from Judgment or Order; Clerical Mistakes); 7.200 (Executions); 7.221

(Hearing in Aid of Execution); and 7.230 (Appellate Review); and forms 7.322

(Summons/Notice to Appear for Pretrial Conference); 7.323 (Pretrial Conference

Order and Notice of Trial); 7.330 (Statement of Claim (Auto Negligence)); 7.331

(Statement of Claim (For Goods Sold)); 7.332 (Statement of Claim (For Work

Done and Materials Furnished)); 7.333 (Statement of Claim (For Money Lent));

7.334 (Statement of Claim (Promissory Note)); 7.335 (Statement of Claim (For

Return of Stolen Property from Pawnbroker)); 7.342 (Ex Parte Motion and Order

for Hearing in Aid of Execution), 7.343 (Fact Information Sheet); and 7.345

(Stipulation for Installment Settlement, Order Approving Stipulation, and

Dismissal). The Committee also proposes new forms 7.315 (Designation of E-mail

Address for Party Not Represented by an Attorney); 7.316 (Change of Address);

7.337 (Statement of Claim (Account Stated)); 7.351 (Format for Defendant's

Motion); 7.352 (Defendant's Motion to Continue); and 7.353 (Defendant's Motion

to Invoke the Rules of Civil Procedure).

Prior to filing its report with the Court, the Committee published its proposals in *The Florida Bar News* pursuant to Florida Rule of Judicial Administration 2.140(b). One comment was filed, resulting in a revision to Form 7.343. Following the filing of the report and the Court's publication of the proposals, comments were filed by Aniko Kallai and the Appellate Court Rules Committee (ACRC) pertaining to the Committee's proposed amendment to Small Claims Rule 7.050(a)(2).

After reviewing the Committee's proposals and considering the comments filed, we adopt the Committee's amendments as proposed, with two exceptions: (1) we have revised the Committee's proposals to amend rules 7.050 (Commencement of Action; Statement of Claim) and 7.230 (Appellate Review); and (2) we decline to adopt the Committee's proposal to renumber rule 7.175 (Motions for Costs and Attorneys' Fees). We discuss the more significant rule amendments below.

**AMENDMENTS**

First, several amendments are made to rule 7.050 (Commencement of Action; Statement of Claim). The most significant of these is the amendment to subdivision (a)(2), which adds language warning pro se litigants that while it is appropriate for a non-attorney to represent a business entity in small claims court, that same individual cannot represent a business entity on appeal. The amendment

is made to highlight to pro se litigants that while it is appropriate for a non-attorney to represent a business entity in small claims court, the same person cannot represent a business entity in appellate proceedings.

The Court received one comment by Aniko Kallai in opposition to the Committee's proposed amendment to 7.050(a)(2) and one comment by the ACRC in favor of the proposed amendment. After consideration of the comments, we find that the Committee's proposal is a sensible notification to pro se litigants. Accordingly, we amend rule 7.050 to add a new sentence to subdivision (a)(2) to warn litigants that while it is appropriate for a non-attorney to represent a business entity in small claims court, a pro se litigant cannot represent a business entity in an appellate proceeding. However, we modify the language as proposed by the Committee to remove the reference to the Florida Rules of Appellate Procedure. Similarly, we amend rule 7.230 to add the same warning to pro se litigants as we add to rule 7.050(a)(2). We do this by creating new subdivision (b), entitled "Party Not Represented by an Attorney," and adding the same text to new subdivision (b) that we add to 7.050(a)(2).

Next, several changes are made to rule 7.100 (Counterclaims, Setoffs, Third-Party Complaints, Transfer When Jurisdiction Exceeded). The most significant of these is the amendment to incorporate "setoffs" into subdivision (a). Specifically, we replace "[a]ny claim of the defendant against the plaintiff, arising out of the"

with "[i]f a defendant has a claim or setoff against a plaintiff that arises out of the" before "same transaction or occurrence." In the same sentence, we add "the counterclaim or setoff" before "shall be filed" for clarification.

**CONCLUSION**

We amend the Florida Small Claims Rules as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2020, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Small Claims

Christina M. Magee, Chair, Small Claims Rules Committee, Satellite Beach, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Courtney Rebecca Brewer, Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Aniko Kallai, Weeki Wachee, Florida,

Responding with comments

**APPENDIX**

**RULE 7.020.      APPLICABILITY OF RULES OF CIVIL PROCEDURE**

(a)      [No Change]

(b)      **Discovery.** Any party represented by an attorney is subject to discovery pursuant to Florida Rules of Civil Procedure 1.280–1.380 directed at said party, without order of court. If a party ~~proceeding without~~not represented by an attorney directs discovery to a party represented by an attorney, the represented party may also use discovery pursuant to the above-mentioned rules without leave of court. When a party is ~~unrepresented~~not represented by an attorney, and has not initiated discovery pursuant to Florida Rules of Civil Procedure 1.280–1.380, the opposing party shall not be entitled to initiate such discovery without leave of court. However, the time for such discovery procedures may be prescribed by the court.

(c)      [No Change]

**Committee Notes**

[No Change]

**RULE 7.040.      CLERICAL AND ADMINISTRATIVE DUTIES OF CLERK**

(a)      ~~Generally~~**Trial Calendar.** The clerk of the circuit court or the clerk of the county court in those counties where such a clerk is provided, (hereinafter referred to as the clerk), shall:

(1)      maintain a trial calendar. The placing of any action thereon with the date and time of trial is notice to all concerned of the order in which they may expect such action to be called;.

~~(2)~~**(b) Records.**      The clerk shall maintain ~~a docket book and a judgment book (which may be the same book)~~records in which accurate entries of all actions brought before the court and notations of the proceedings shall comply with Florida Rule of Judicial Administration 2.425 and shall be made:

(1)      including the date of filing;

(2)     the date of issuance, service, and return of process;

(3)     the appearance of such parties as may appear;

(4)     the fact of trial, whether by court or jury;

(5)     the issuance of execution and to whom issued and the date thereof and return thereon and, when satisfied, a marginal entry of the date thereof;

(6)     the issuance of a certified copy;

(7)     a memorandum of the items of costs including witness fees; and

(8)     the record of the verdict of the jury or finding of the judge, and the judgment, including damages and costs, which judgments may be kept in a separate judgment book; and is searchable by parties' names with reference to action and case number.

~~(3)     maintain an alphabetical index by parties' names with reference to action and case number.~~

**(b)     Minute Book.** ~~It shall not be necessary for the clerk to maintain a minute book for small claims.~~

## Court Commentary

[No Change]

## Committee Note

**2019 Amendment**. References to minute book, docket book, and judgment book were consolidated into "records" in subdivision (b) to better reflect the practice across the state.

**RULE 7.050.     COMMENCEMENT OF ACTION; STATEMENT OF CLAIM**

**(a)     Commencement.**

**(1)**     [No Change]

**(2)     Party Not Represented by Attorney to Sign.** A party, individual, or business entity recognized under Florida law who or which has no

attorney handling such cause shall sign that party's statement of claim or other paper and state that party's address and telephone number, including area code, and may include an e-mail address. However, if the trial court in its discretion determines that the plaintiff is engaged in the business of collecting claims and holds such claim being sued upon by purchase, assignment, or management arrangement in the operation of such business, the court may require that business entity to provide counsel in the prosecution of the cause. Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. A non-attorney may not represent a business entity in appellate proceedings.

**(b)    Parties.** The names, addresses, and, if known, telephone numbers, including area code, of all parties or their attorneys, if any, must be stated on the statement of claim. A party not represented by an attorney may include an e-mail address. Additionally, attorneys must include their Florida Bar number on all papers filed with the court, as well as an e-mail address, in compliance with the Florida Rules of Judicial Administration 2.515 and 2.516. A statement of claim shall not be subject to dismissal for the failure to include a telephone number.

**(c)**    [No Change]

**(d)    ~~Memorandum on Hearing Date~~Summons/Notice to Appear for Pretrial Conference.** The court shall furnish all parties with a ~~memorandum~~notice of the day and hour set for the ~~hearing~~pretrial conference.

**(e)**    [No Change]

### Committee Notes

[No Change]

### Court Commentary

[No Change]

## RULE 7.060.    PROCESS AND VENUE

**(a)    Summons/Notice to Appear Required.** A summons/notice to appear ~~entitled Notice to Appear~~ stating the time and place of hearing shall be served on

- 8 -

the defendant. The summons ~~or~~ /notice to appear shall inform the defendant, in a separate paragraph containing bold type, of the defendant's right of venue. This paragraph on venue shall read:

**Right to Venue.** The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant, have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

1.     Where the contract was entered into.

2.     If the suit is on an unsecured promissory note, where the note is signed or where the maker resides.

3.     If the suit is to recover property or to foreclose a lien, where the property is located.

4.     Where the event giving rise to the suit occurred.

5.     Where any one or more of the defendants sued reside.

6.     Any location agreed to in a contract.

7.     In an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as a defendant, believe the plaintiff has not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a written request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff or plaintiff's attorney, if any.

**(b)**     [No Change]

**Committee Notes**

[No Change]

**Court Commentary**

**RULE 7.080.     SERVICE AND FILING OF PLEADINGS AND DOCUMENTS OTHER THAN STATEMENT OF CLAIM**

(a)     **When Required.** Copies of all pleadings and papers subsequent to the summons/notice to appear, except applications for witness subpoenas and orders and judgments entered in open court, shall be served on each party. One against whom a default has been entered is entitled to be served only with pleadings asserting new or additional claims.

(b)     **How Made.** When a party is represented by an attorney, service of papers other than the statement of claim and summons/notice to appear shall be made on the attorney unless the court orders service to be made on the party. Service on an attorney or a party not represented by an attorney must be made in compliance with Florida Rule of Judicial Administration 2.516.

(c)     **Filing.** All original pleadings and papers shall be filed with the court either before service or immediately thereafter. The court may allow a copy to be substituted for the original of any document.

(d)     **Filing with the Court Defined.** The filing of documents with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the documents to be filed with the judge, in which event the judge shall note thereon the filing date and transmit them to the clerk, and the clerk shall file them as of the same date they were filed with the judge. Parties represented by an attorney must file documents in compliance with the electronic filing (e-filing) requirements set forth in Florida Rule of Judicial Administration 2.525 of the Florida Rules of Judicial Administration. Parties not represented by an attorney may file documents in compliance with the e-filing requirement if permitted by the Florida Rules of Judicial Administration.

(e)     **Certificate of Service.**  [No Change]

(f)     **When Unrepresenteda Party Who is Not Represented by an Attorney Fails to Show Service.** If a party who is not represented by an attorney files a paper that does not show service of a copy on all other parties, the clerk shall serve a copy of it on all other parties.

**Court Commentary**

**RULE 7.090.    APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE**

**(a)    Appearance.** On the date and time appointed in the <u>summons/</u>notice to appear, the plaintiff and defendant shall appear personally or by counsel, subject to subdivision (b).

**(b)    <u>Summons/</u>Notice to Appear; Pretrial Conference.** The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 50 days from the date of the filing of the action. In the event the summons/notice to appear is non-served and the return of service is filed 5 days before the pretrial conference, the pretrial conference shall be canceled by the court as to any non-served party. The plaintiff may request a new summons/notice to appear and include a new initial appearance date for the pretrial conference. The pretrial conference may be managed by nonjudicial personnel employed by or under contract with the court. Nonjudicial personnel must be subject to direct oversight by the court. A judge must be available to hear any motions or resolve any legal issues. At the pretrial conference, all of the following matters shall be considered:

(1)    The simplification of issues.

(2)    The necessity or desirability of amendments to the pleadings.

(3)    The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.

(4)    The limitations on the number of witnesses.

(5)    The possibilities of settlement.

(6)    Such other matters as the court in its discretion deems necessary.

Form 7.322 shall and form 7.323 may be used in conjunction with this rule.

**(c) – (g)**    [No Change]

.

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**RULE 7.100.    COUNTERCLAIMS~~,~~; SETOFFS~~,~~; THIRD-PARTY COMPLAINTS~~,~~; TRANSFER WHEN JURISDICTION EXCEEDED**

(a)    **Compulsory Counterclaim.** ~~Any claim of the defendant against the plaintiff, arising out of the~~ If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days ~~prior to~~before the initial appearance date (pretrial conference), or within such time as the court designates, or it is ~~deemed to be~~ abandoned.

(b)    **Permissive Counterclaim.** ~~Any claim or setoff of the defendant against the plaintiff, not arising out of the~~If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court.

(c)    **How Filed.** Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

(d)    **Transfer When Beyond Jurisdiction.** When a counterclaim or setoff is filed and exceeds the jurisdiction of the small claims court, ~~it shall be filed in writing before or at the hearing, and~~ the action shall then be transferred to the court having jurisdiction ~~thereof. As evidence of good faith, t~~The counterclaimant shall deposit with the clerk of the court a sum sufficient to pay the filing fee in the court to which the case is to be transferred ~~with the counterclaim, which shall be sent with the record to the court to which transferred~~. Failure to make the deposit at the

time of filing, or with such further time as the court may allow, waives the right to transfer.

**(e)**     [No Change]

### Committee Notes

[No Change]

**RULE 7.130.     CONTINUANCES AND SETTLEMENTS**

**(a)     Continuances.** A continuance may be granted only upon good cause shown. The motion for continuance may be oral~~, but~~ unless the court ~~may~~ requires that it be ~~reduced to writing~~written. The action shall be set again for trial as soon as practicable and the parties shall be given timely notice.

**(b)**     [No Change]

### Committee Notes

[No Change]

**RULE 7.150.     JURY TRIALS**

Jury trials may be had upon written demand of the plaintiff at the time of the commencement of the suit, or by the defendant within ~~5~~10 days after service of the summons/notice ~~of suit~~to appear or at the pretrial conference, if any. Otherwise, the jury trial shall be deemed waived.

### Committee Notes

[No Change]

**RULE 7.160.     FAILURE OF PLAINTIFF OR BOTH PARTIES TO APPEAR**

**(a)**     [No Change]

**(b)     Both Parties.** If both parties fail to appear on the initial appearance date (pretrial conference), the judge may continue the action or dismiss it for want of prosecution at that time or later as justice requires, subject to rule 7.090(b).

- 13 -

**RULE 7.175.** ~~MOTIONS FOR~~ COSTS AND ATTORNEYS' FEES

Any party seeking a judgment taxing costs or attorneys' fees, or both, shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal. In the event of a default judgment, no further motions are needed if costs or attorneys' fees, or both, were sought in the statement of claim.

**RULE 7.180.** **MOTIONS FOR NEW TRIAL; TIME FOR; CONTENTS**

**(a)** **Time.** A motion for new trial shall be filed not later than ~~10~~15 days after return of verdict in a jury action or the date of filing of the judgment in a nonjury action. A timely motion may be amended to state new grounds at any time before it is disposed of in the discretion of the court.

**(b) – (c)** [No Change]

### Committee Notes

[No Change]

**RULE 7.190.** **RELIEF FROM JUDGMENT OR ORDER; CLERICAL MISTAKES**

**(a)** [No Change]

**(b)** **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void; or

(5)___the judgment has been satisfied, released, or discharged or a prior judgment on which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application.

The motion shall be made within a reasonable time, and for the reasons underlying subdivisions (b)(1), (b)(2), and (b)(3) not more than 1 year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

## RULE 7.200.    EXECUTIONS

Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without ~~praecipe~~a formal written demand. No execution or other final process shall issue until the judgment on which it is based has been rendered or within the time for serving a motion for new trial and, if a motion for new trial is timely served, until it is determined; provided the court may order issuance of execution or other final process ~~may be issued on special order of the court~~ at any time after judgment.

## RULE 7.221.    HEARING IN AID OF EXECUTION

**(a)    Use of Form 7.343.** In any final judgment, the judge shall include the Enforcement Paragraph of form 7.340 if requested by the prevailing party or attorney. In addition to the forms of discovery available to the judgment creditor under ~~Fla. R. Civ. P.~~Florida Rule of Civil Procedure 1.560, the judge, at the request of the judgment creditor or the judgment creditor's attorney, shall order a judgment debtor to complete form 7.343 within ~~30~~45 days of the order or other such reasonable time determined by the court. If the judgment debtor fails to obey the order, ~~Fla. R. Civ. P.~~Florida Rule of Civil Procedure Form 1.982 may be used in conjunction with this subdivision of this rule.

**(b)    Purpose of Hearing.** The judge, at the request of the judgment creditor, shall order a judgment debtor to appear at a hearing in aid of execution at a time certain ~~30~~45 or more days from the date of entry of a judgment for the purpose of inquiring of the judgment debtor under oath as to earnings, financial status, and any assets available in excess of exemptions to be applied towards satisfaction of judgment. The provisions of this subdivision of this rule shall only apply to a judgment creditor who is a natural person and was not represented by an attorney prior to judgment. Forms 7.342, 7.343, and 7.344 shall be used in connection with this subdivision of this rule.

**Committee Notes**

[No Change]

## RULE 7.230.    APPELLATE REVIEW

**(a)    Review.** Review of orders and judgments of the courts governed by these rules shall be prosecuted in accordance with the Florida Rules of Appellate Procedure.

**(b)    Party Not Represented by an Attorney.** A non-attorney may not represent a business entity in appellate proceedings.

**Committee Notes**

[No Change]

## FORM 7.315.    DESIGNATION OF E-MAIL ADDRESS FOR PARTY NOT REPRESENTED BY AN ATTORNEY

(CAPTION)

DESIGNATION OF E-MAIL ADDRESS FOR PARTY
NOT REPRESENTED BY AN ATTORNEY

Pursuant to Florida Rule of Judicial Administration 2.516, I, .....(name)....., designate the below e-mail address(es) for electronic service of all documents related to this case.

By completing this form, I am authorizing the court, clerk of court, and all parties to send copies of notices, orders, judgments, motions, pleadings, or other written communications to me by e-mail or through the Florida Courts E-filing Portal.

I will file a written notice with the clerk of court if my current e-mail address changes.

.....(designated e-mail address).....

.....(secondary designated e-mail address(es) (if any)).....

I certify that a copy hereof has been furnished to the clerk of court for .......... County and .....(insert name(s) and address(es) of parties used for service)..... by .....(e-mail) (hand delivery) (mail)..... on .....(date)......

....(signature).....
…..(printed name)…..
.....(e-mail address).....
…..(address)…..
…..(phone number)…..

## Committee Note

**2019 Adoption.** After designating an e-mail address for use for the duration of a case, the parties should check their spam and junk e-mail folders for communications related to the case. A party may sign up as a Self-Represented Litigant in the Florida Courts E-filing Portal to file documents in a proceeding.

## FORM 7.316.    CHANGE OF ADDRESS

(CAPTION)

### NOTICE OF CHANGE OF MAILING ADDRESS
### OR DESIGNATED E-MAIL ADDRESS

I, _____ certify that my .....(mailing address or designated e-mail address)..... has changed to _____ .

I understand that I must keep the clerk's office and any opposing party notified of my current mailing address or e-mail address. I will file a written notice with the clerk if my mailing address or e-mail address changes again.

I certify that a copy hereof has been furnished to the clerk of court for .......... County and .....(insert name(s) and address(es) of parties used for service)..... by .....(e-mail) (hand delivery) (mail)..... on .....(date)......

....(signature).....
…..(printed name)…..
.....(e-mail address).....
…..(address)…..
…..(phone number)…..

## FORM 7.322.    SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

(CAPTION)

STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

....................

....................................................................................................................................................

....................

....................................................................................................................................................

....................

.....(Plaintiff's Name(s) and Address(es)).....

.....(Defendant's Name(s) and Address(es)).....

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the .......... in Courtroom #....., located at ...................., on .....(date)....., at ~~..........m.~~.....(time)....., for a PRETRIAL CONFERENCE before ~~a judge of~~ this court.

**IMPORTANT—READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES—APPEAR IN PERSON OR BY ATTORNEY**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any ~~one~~1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons/<u>notice to appear</u>.

~~DATED at ....................., Florida,~~<u>Issued</u> on .....(date)......

As Clerk of the County Court

**<u>If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.</u>**

## <u>Committee Note</u>

<u>Pursuant to Florida Rule of Judicial Administration 2.540(c), the advisement regarding accommodations shall be in bold face, 14-point font Times New Roman or Courier font.</u>

**FORM 7.323.     PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL**

~~IN THE COUNTY COURT FOR _____ COUNTY, FLORIDA~~

~~CIVIL DIVISION~~

- 19 -

CASE NO. _____

........................................          ____ by self

........................................          ____ by agent                    ...................

Plaintiff     Telephone .................          ____ by attorney                ...................

vs.

........................................          ____ by self

........................................          ____ by agent                    ...................

Defendant     Telephone ...............          ____ by attorney          .....     ...................

(CAPTION)


.....(Plaintiff's Name).....

.....(Plaintiff's Address).....

.....(Plaintiff's Telephone Number).....

.....(Plaintiff's E-mail Address (optional if pro se)).....

Represented by .....(self, agent, attorney [include agent or attorney's name]).....


.....(Defendant's Name).....

.....(Defendant's Address).....

.....(Defendant's Telephone Number).....

.....(Defendant's E-mail Address (optional if pro se)).....

Represented by .....(self, agent, attorney [include agent or attorney's name]).....

PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL


1.    DEFENDANT:                                    ISSUES:

- 20 -

       ___ denies liability and damages         ___ Liability and damages

       ___ admits liability—denies damages         ___ Liability only

       ___ granted ..... days to file         ___ Damages only
a counterclaim and/or third-
party complaint

       ~~___ advised of probable need for~~
       ~~expert testimony from ...........................~~

2.     WITNESSES (total)

     ___ Plaintiff   ___ Defendant      ___ Parties advised of availability
                                        of subpoena power

    _____ Parties advised of probable need for an expert testimony from _____
_____ .

3.     EXHIBITS, DOCUMENTS, AND TANGIBLE EVIDENCE

    ~~Plaintiff ...........................................~~       ~~Parties instructed that~~
    ~~...........................................~~       ~~they must permit inspection~~
    _____       ~~after notice or furnish copies to~~
    _____       ~~opposite party within ..... days:~~

    ~~Defendant ......................................~~
    ~~...........................................~~     _____ ~~Witnesses' names and~~
                                        ~~addresses~~
                      _____ ~~Documents and things to~~
                                        ~~be used at trial~~

Parties are instructed that within ___ days of this order they must furnish the names and addresses of all witnesses they intend to call at trial and to permit inspection, by appointment, or furnish copies of any exhibits, documents, or tangible evidence that they intend to use at trial to the other party in this case.

Plaintiff Witnesses: _____
_____

Description of Plaintiff's exhibits, documents, tangible evidence to be used at trial: _____
_____
_____

Defendant Witnesses: _____
_____

Description of Defendant's exhibits, documents, tangible evidence to be used at trial: _____

_____

_____

4.      DISCOVERY MAY BE HAD IN ACCORDANCE WITH FLORIDA SMALL CLAIMS RULE 7.020.

5.      STIPULATION OR OTHER:

        TRIAL DATE: .....(date)....., at ~~.....m~~.....(time)....., for ..... hour(s)
        PLACE: .................... County Courthouse, ...................., Courtroom No. .....,
        ...................., FL
        JUDGE: ...................., Telephone No.: ..........
        ORDERED ON .....(date)......

                                        _____
                                        Judge's Signature

                                        _____
                                        Judge's printed name

IMPORTANT—TURN OVER AND READ TRIAL INSTRUCTIONS ON REVERSE SIDE.

RECEIVED FOR:    _____    _____
                        For Plaintiff                          For Defendant

[The following instructions are to be placed on the reverse side of the order and notice of trial.]

IMPORTANT — READ CAREFULLY!

YOU HAVE NOW ATTENDED A PRETRIAL CONFERENCE ON A SMALL CLAIMS ACTION. THIS WILL BE THE ONLY NOTICE YOU WILL RECEIVE CONCERNING YOUR TRIAL DATE AND WHAT YOU NEED TO DO TO PREPARE FOR YOUR TRIAL. DO NOT LOSE THIS ORDER AND NOTICE OF TRIAL. YOU ARE NOW SCHEDULED FOR A TRIAL AS LISTED ON THE REVERSE SIDE OF THIS PAPER. MAKE SURE YOU ARE AWARE OF ALL OF THE FOLLOWING:

1.      NONJURY TRIAL—You are now scheduled for a nonjury trial before a county court judge.

2.      TRIAL DATE—Do not forget your trial date. Failure to come to court on the given date at the right time may result in your losing the case and the other party winning.

3.      EXCHANGE OF DOCUMENTS AND INFORMATION—If the judge told you to submit any documents or give any information to the other party (such as a list of your witnesses' names and addresses), DO IT. Failure to do this as directed by the judge may cause court sanctions against you such as extra court costs, contempt of court, or delays.

4.      COUNTERCLAIMS—If you are the plaintiff and you have been given a written notice that a counterclaim has been filed against you in this lawsuit, this means that you are now being sued by the defendant. Also, if at the pretrial conference the judge allowed the defendant a certain number of days to file a counterclaim, the defendant must file that counterclaim within that number of days from the date of this pretrial conference order. If the defendant does that, the defendant has a claim now pending against you. If, at the time of the trial, the counterclaim has been properly filed, there are 2 lawsuits being considered by the judge at the same time: the plaintiff's suit against the defendant and the defendant's suit against the plaintiff. In the event that both claims are settled by the parties, both parties should notify the Clerk of the County Court, Civil Division, _____, IN WRITING, of the settlement. Only after both the plaintiff and the defendant have notified the clerk in writing of the settlement is it not necessary for the parties to appear in court. Settlement of ~~one~~1 claim, either the plaintiff's claim against the defendant or the defendant's claim against the plaintiff, has no effect as to the other claim, and that remaining claim will proceed to trial on the trial date listed on the pretrial conference order.

5.      THIRD-PARTY COMPLAINTS—If you are the defendant and you believe that the plaintiff may win the suit against you, but, if the plaintiff does, someone else should pay you so you can pay the plaintiff, then you must file a third-party complaint against that person and serve that person with notice of your claim. Once served, that person must appear in court as you have to answer your complaint against that person. This must be done prior to trial within the time allowed you by the judge.

6.      TRIAL PREPARATION—Bring all witnesses and all documents and all other evidence you plan to use at the trial. There is only one trial! Have everything ready and be on time. If the judge advised you at the pretrial conference hearing that you needed something for the trial, such as an expert witness (an automobile mechanic, an automobile body worker, a carpenter, a painter, etc.) or a particular document (a note, a lease, receipts, statements, etc.), make sure that you have that necessary person or evidence at the trial. Written estimates of repairs are usually not acceptable as evidence in court unless both parties agree that the written estimates are proper for the judge to consider or unless the person who wrote the estimates is present to testify as to how that person arrived at the amounts on the estimates and that those amounts are reasonable in that particular line of business.

7.      COURT REPORTER AND APPEALS—Your nonjury trial will not be recorded. If you wish a record of the proceedings, a court reporter is necessary and must be hired at your own expense. ~~To obtain a court reporter to record your final hearing, you must immediately contact the official court reporter, _____, Florida _____, Phone (__) _____. The cost to secure the presence of a court reporter is a minimum of $ _____ for the first one-half hour or any portion thereof and $ _____ per each additional half hour or portion thereof. To have the record of the proceeding transcribed, the cost is $ _____ per page for the original and _____ per page for each copy. Payment for the court reporter's appearance must be made in advance to _____, the official court reporter.~~ Appeals to a higher court because you are not satisfied with the outcome of the trial are governed by special rules. One of these rules requires that the appellate court have a complete record of the trial to review for errors. If you do not have a court reporter at your trial, your chances for success on appeal will be severely limited.

8.      SETTLEMENT—If all parties agree on settlement of all claims before trial, each party must notify the judge by telephone so that the allotted trial time may be reassigned to someone else. Immediately thereafter, the parties must, in writing, notify the clerk of the settlement, and the court will thereafter dismiss the case. The mailing address is: Clerk of the County Court, Civil Division, _____.

9.      ADDRESS CHANGES—All changes in mailing addresses must be furnished in writing to the clerk and to the opposing party.

10.     ADDITIONAL PROBLEMS—For anything you do not understand about the above information and for any additional questions you may have concerning the preparation of your case for trial, please contact the Clerk of the County Court, Civil Division, in person or by telephone (__) _____. The clerk is not authorized to practice law and therefore cannot give you legal advice on how to prove your case. However, the clerk can be of assistance to you in questions of procedure. If you need legal advice, please contact an attorney of your choice. If you know of none, call the _____ County Bar Association, Lawyer Referral Service, for assistance, (__) _____.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## Committee Note

Pursuant to Florida Rule of Judicial Administration 2.540(c), the advisement regarding accommodations shall be in bold face, 14-point font Times New Roman or Courier font.

## FORM 7.330.      STATEMENT OF CLAIM (AUTO NEGLIGENCE)

(CAPTION)

STATEMENT OF CLAIM

The plaintiff,_____, sues the defendant,_____, and ~~says~~alleges: On or about _____, in the vicinity of _____, on a public highway in _____ County, Florida, plaintiff's motor vehicle, being operated by _____, collided with defendant's motor vehicle, being operated by _____; and the collision with plaintiff's vehicle was caused by the negligent and careless operation of defendant's vehicle, whereby plaintiff's vehicle was damaged and depreciated in value.

WHEREFORE, plaintiff demands judgment in the sum of $_____.

# FORM 7.331. STATEMENT OF CLAIM (FOR GOODS SOLD)

(CAPTION)

STATEMENT OF CLAIM

Plaintiff, ~~A. B.~~ _____, sues defendant, ~~C. D.~~ _____, and alleges: There is now due, owing, and unpaid from defendant to plaintiff $ _____ with interest since .....(date)....., for the following goods sold and delivered by plaintiff to defendant between .....(date)....., and .....(date).....:

(list goods and prices and any credits)

WHEREFORE, plaintiff demands judgment for damages against defendant.

## FORM 7.332.  STATEMENT OF CLAIM (FOR WORK DONE AND MATERIALS FURNISHED)

(CAPTION)

STATEMENT OF CLAIM

Plaintiff, A. B. _____ , sues defendant, C. D. _____ , and alleges: There is now due, owing, and unpaid from defendant to plaintiff $ _____ with interest since .....(date)....., for the following items of labor and materials furnished to defendant at his/her request between .....(date)....., and .....(date).....:

(list time and materials, showing charges therefor and any credits)

WHEREFORE, plaintiff demands judgment for damages against defendant.

## FORM 7.333.  STATEMENT OF CLAIM (FOR MONEY LENT)

(CAPTION)

STATEMENT OF CLAIM

Plaintiff, A. B. _____ , sues defendant, C. D. _____ , and alleges: There is now due, owing, and unpaid from defendant to plaintiff $ _____ for money lent by plaintiff to defendant on .....(date)....., with interest thereon since .....(date)......

WHEREFORE, plaintiff demands judgment for damages against defendant.

## FORM 7.334.  STATEMENT OF CLAIM (PROMISSORY NOTE)

(CAPTION)

STATEMENT OF CLAIM

Plaintiff, A. B. _____ , sues defendant, C. D. _____ , and alleges:

1. This is an action for damages that do not exceed the ~~sum of $ _____ (insert jurisdictional amount of court)~~ jurisdictional amount pursuant to Florida Small Claims Rule 7.010(b).

2. On .....(date)....., defendant executed and delivered to plaintiff a promissory note, a copy being attached, in _____ County, Florida.

3. Defendant failed to pay

     (a) said note when due; or

(b)     the installment payment due on said note on .....(date)....., and plaintiff (has/has not) elected to accelerate payment of the balance.

4.     There is now due, owing, and unpaid from defendant to plaintiff $ _____ on said note with interest since .....(date)......

~~5.     Plaintiff has obligated himself/herself to pay his/her attorneys a reasonable fee for their services in bringing this action.~~

WHEREFORE, plaintiff demands judgment for damages against defendant.

## Committee Notes

**1972 Amendment.** Attach copy of note to each copy of the statement of claim. Use 3(a) or (b) and 5 as applicable.

## FORM 7.335.     STATEMENT OF CLAIM (FOR RETURN OF STOLEN PROPERTY FROM PAWNBROKER)

~~IN THE COUNTY COURT, IN AND FOR _____ COUNTY FLORIDA~~
~~CASE NO.: _____~~

_____
~~Plaintiff,~~

~~vs.~~

_____
~~Defendant/Pawnbroker~~

(CAPTION)

STATEMENT OF CLAIM FOR
RETURN OF PROPERTY FROM PAWNBROKER

Plaintiff, ..................., sues defendant/pawnbroker, ..................., and ~~says~~alleges:

1.     This is an action for the return of stolen or misappropriated property pursuant to section 539.001, Florida Statutes.

2.     Plaintiff is the owner of the following described property:

_____

_____

3. The above-described property was stolen or otherwise misappropriated from plaintiff on or about the ..... day of ...................., 20...... A copy of the law enforcement report outlining the theft/misappropriation is attached hereto and incorporated into this statement of claim.

4. The above-described property is currently in the possession of defendant and is located at a pawnshop as defined in section 539.001, Florida Statutes, the address of which is _____ _____.

5. Plaintiff has complied with the procedural requirements of section 539.001, Florida Statutes. Specifically, plaintiff notified the pawnbroker of plaintiff's claim to the property:

_____ by certified mail, return receipt requested, OR

_____ in person evidenced by a signed receipt.

The notice contains a complete and accurate description of the purchased or pledged goods and was accompanied by a legible copy of the aforementioned police report regarding the theft or misappropriation of the property. No resolution between plaintiff and defendant pawnbroker could be reached within 10 days after the delivery of the notice.

WHEREFORE, the plaintiff demands judgment for the return of the property. Plaintiff further asks this court to award plaintiff the costs of this action, including reasonable attorneys' fees.

_____
Plaintiff (signature)

_____
Name

_____
Address

_____
City, State, Zip code

_____
Day telephone number

State of Florida
County of _____

The foregoing instrument was acknowledged before me on .....(date)....., by ....................., who is personally known to me or has produced ................... as identification and who .....did/did not...... take an oath.

WITNESS my hand and official seal, on .....(date)......

_____
Notary Public
State of Florida

Note to Clerk of Court and to Sheriff: Pursuant to Section 539.001(15), filing fees and service fees shall be waived. Waiver does not require the filing of an affidavit of insolvency.

## FORM 7.337.    STATEMENT OF CLAIM (ACCOUNT STATED)

(CAPTION)

### STATEMENT OF CLAIM

Plaintiff, _____, sues defendant, _____, and alleges:

1.    This is an action for damages that do not exceed the jurisdictional amount pursuant to Florida Small Claims Rule 7.010(b).

2.    Before the institution of this action, plaintiff and defendant had business transactions between them and on .....(date)....., they agreed to the resulting balance.

3.    Plaintiff rendered a statement of account to defendant, a copy being attached, and defendant did not object to the statement.

4.    Defendant owes plaintiff $.......... that is due with interest since .....(date)....., on the account.

WHEREFORE, plaintiff demands judgment for damages against defendant.

### Committee Note

**2019 Adoption.** Attach a copy of a single statement rendered to the defendant. *Farley v. Chase Bank*, 37 So. 3d 936 (Fla. 4th DCA 2010).

## FORM 7.342.    EX PARTE MOTION AND ORDER FOR HEARING IN AID OF EXECUTION

(CAPTION)

EX PARTE MOTION FOR HEARING
IN AID OF EXECUTION

The judgment creditor, ......................, pursuant to Florida Small Claims Rule 7.221, moves for an order requiring the judgment debtor(s), ...................., to appear at a hearing in aid of execution for the purpose of examining the judgment debtor(s) regarding his/her/their ability to satisfy the final judgment entered in this cause and requiring the judgment debtor(s) to complete a FACT INFORMATION SHEET, in Florida Small Claims Rule 7.343, and bring it to the hearing in aid of execution.

Judgment Creditor

ORDER FOR HEARING IN
AID OF EXECUTION

IT IS ORDERED AND ADJUDGED that the judgment debtor(s), ...................., Address: ...................., shall:

1.      appear before Judge .................... on .....(date)....., at ..... o'clock .....m. .....(time)....., in Courtroom ....., located at: ...................., ...................., Florida, to be examined as to the judgment debtor('s)(s') ability to satisfy the final judgment entered in this cause; and

2.      bring to the hearing all documents and papers that relate to the judgment debtor('s)(s') financial condition and the completed, notarized fFact iInformation sSheet attached hereto.

Judgment debtor('s)(s') failure to comply with this order shall be grounds for contempt.

ORDERED at ...................., Florida, on .....(date)......

County Court Judge

## FORM 7.343.      FACT INFORMATION SHEET

**(a)      For Individuals**

(CAPTION)

FACT INFORMATION SHEET — INDIVIDUAL

Full Legal Name: _____

Nicknames or Aliases: _____

Residence Address: _____

Mailing Address (if different): _____

Telephone Numbers: (Home) _____ (Business) _____

Name of Employer: _____

Address of Employer: _____

Position or Job Description: _____

Rate of Pay: $ _____ per _____. Average Paycheck: $ _____ per _____

Average Commissions or Bonuses: $ _____ per _____ . Commissions or bonuses are based on _____

Other Personal Income: $ _____ from _____

(Explain details on the back of this sheet or an additional sheet if necessary.)

Social Security Number: _____ Birthdate: _____

Driver's License Number: _____ Issuing State: _____

Marital Status: _____ Spouse's Name: _____

Spouse's Address (if different): _____

Spouse's Social Security Number: _____ Birthdate: _____

Spouse's Employer: _____

Spouse's Average Paycheck or Income: $ _____ per _____

Other Family Income: $ _____ per _____ (Explain details on back of this sheet or an additional sheet if necessary.)

Names and Ages of All Your Children (and addresses if not living with you): _____

_____

Child Support or Alimony Paid: $ _____ per _____

Names of Others You Live With: _____

Who is Head of Your Household? _____ You _____ Spouse _____ Other Person

Checking Account at: _____ Account # _____

Savings Account at: _____ Account # _____

(Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or an additional sheet if necessary.)


For Real Estate (land) You Own or Are Buying:

Address: _____

All Names on Title: _____

Mortgage Owed to: _____

Balance Owed: _____

Monthly Payment: $ _____

(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)


For All Motor Vehicles You Own or Are Buying:

Year/Make/Model: _____ Color: _____

Vehicle ID # (VIN): _____ Tag No: _____ Mileage: _____

Names on Title: _____ Present Value: $ _____

Loan Owed to: _____

Balance on Loan: $ _____

Monthly Payment: $ _____ (List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property and sale price, and give the name and address of the person who received the property.

Does anyone owe you money? Amount Owed: $ _____
Name and Address of Person Owing Money: _____
Reason money is owed: _____

Please attach copies of the following:

       1.     Your last pay stub.
       2.     Your last 3 statements for each bank, savings, credit union, or other financial account.
       3.     Your motor vehicle registrations and titles.
       4.     Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
       <u>5.     Your last 2 income tax returns filed.</u>

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

                                               _____
                                               Judgment Debtor

STATE OF FLORIDA
COUNTY OF ....................

       The foregoing instrument was acknowledged before me on .....(date)....., by ...................., who is personally known to me or has produced .................... as identification and who .....did/did not..... take an oath.

       WITNESS my hand and official seal, on .....(date)......

                                               _____
                                               Notary Public
                                               State of Florida

My Commission expires: ....................

MAIL OR DELIVER THE COMPLETED FORM TO THE JUDGMENT CREDITOR OR THE JUDGMENT CREDITOR'S ATTORNEY.  DO NOT FILE THIS FORM WITH THE COURT.

      **(b)**     **For Corporate Entities**

(CAPTION)

                  FACT INFORMATION SHEET — BUSINESS ENTITY

Name/Title of person filling out this form: _____
Address: _____
Telephone Number: Home:_____ Business: _____
Address of Business Entity: _____
Type of Entity: (Check One) ☐ Corporation ☐ Partnership ☐ Limited Partnership ☐ Sole Proprietorship ☐ Limited Liability ~~Corporation~~<u>Company</u> (LLC) ☐ Professional Association (PA) ☐ Other: (Please Explain)

Does Business Entity own/have interest in any other business entity? If so please explain.
Gross/Taxable income reported for Federal Income Tax purposes last three years:
$ _____ $ _____ $ _____
Taxpayer Identification Number: _____
List Partners (General or Limited and Designate Percentage of Ownership): _____
Average No. of Employees/Month: _____
Names of Officers and Directors: _____
Checking Account at: _____ Account No: _____
Savings Account At: _____ Account No: _____
Does the Business Entity own any vehicles: _____
Years/Makes/Models: _____
Vehicle I.D. Nos. # (VIN): _____
Tag Nos.: _____
Loans Outstanding: _____
Does the Business Entity own any real property: YES _____ NO _____
If Yes: Address: _____
Please check if the business entity owns the following:

| _____ Boat | _____ Camper Mobile Home/RV |
| _____ Stocks/Bonds | _____ Other Real Property |
| _____ Other Personal Property | _____ Intangible Property |

Please attach copies of the following:
1.      All tax returns for the past 3 years, including but not limited to state and federal income tax returns and tangible personal property tax returns.

2.      All bank, savings and loan, and other account books or statements for accounts in institutions in which the defendant had any legal or equitable interest for the past 3 years.

3.      All canceled checks for the 12 months immediately preceding the date of this judgment for accounts in which the defendant held any legal or equitable interest.

4.      All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date of this judgment.

5.      Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the defendant within the 12 months immediately preceding the date of filing this lawsuit. Any transfer of property within the last year other than ordinary course of business transactions.

6.      Motor vehicle documents, including titles and registrations relating to any motor vehicles owned by the defendant alone or with others.

7.     Financial statements and any other business records, including but not limited to accounts payable and accounts receivable ledgers, as to the defendant's assets and liabilities prepared within the 12 months immediately preceding the date of this judgment.

8.     Copies of articles, by-laws, partnership agreement, operating agreement, and any other governing documents, and minutes of all meetings of the defendant's shareholders, board of directors, or members held within 2 years of the date of this judgment.

9.     Resolutions of the shareholders, board of directors, or members passed within 2 years of the date of this judgment.

10.     A list or schedule of all inventory and equipment.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Defendant's Designated Representative
Title: ....................

STATE OF FLORIDA
COUNTY OF ....................
     The foregoing instrument was acknowledged before me on .....(date)....., by ...................., as the defendant's duly authorized representative, who is personally known to me or has produced .................... as identification and who .....did/did not..... take an oath.

     WITNESS my hand and official seal, on .....(date)......

_____
Notary Public
State of Florida

My Commission expires: ....................

MAIL OR DELIVER THE COMPLETED FORM TO THE JUDGMENT CREDITOR OR THE JUDGMENT CREDITOR'S ATTORNEY. DO NOT FILE THIS FORM WITH THE COURT.

## FORM 7.345.     STIPULATION FOR INSTALLMENT SETTLEMENT, ORDER APPROVING STIPULATION, AND DISMISSAL

(CAPTION)
STIPULATION FOR INSTALLMENT SETTLEMENT,
ORDER APPROVING STIPULATION, AND DISMISSAL

     Plaintiff and defendant(s), by the signatures below, stipulate that defendant(s) is/are indebted to plaintiff in the sum of $.........., plus court costs of $.........., interest of $.........., and

attorneys' fees of $.......... for a total of $.........., which defendant(s) agree(s) to pay in installments of $.........., the first of such payments to be due on .....(date)....., and continuing each .......... until paid in full. If the total sum is paid timely and in full, plaintiff agrees that no judgment shall be entered against the defendant(s), and that additional costs, interest, and attorneys' fees, if any, shall be waived. If the defendant(s) shall default in payment hereunder, plaintiff shall be entitled to judgment, execution, costs, interest at the rate provided by law, and attorneys' fees, after written application to the court, without notice. Defendant(s) acknowledge(s) delivery of a true copy hereof at ...................., .................... County, Florida. ALL PAYMENTS ARE TO BE MADE PAYABLE TO: ...................., and mailed or delivered to: ....................

TIME IS OF THE ESSENCE IN THIS AGREEMENT.


| | |
|---|---|
| Plaintiff/Attorney for Plaintiff | Defendant (signature) |
| Telephone: _____ | ...................................................................... |
| | ...................................................................... |
| BY: ............................................... | Address |
| | Telephone: ...................................................... |
| | |
| Defendant/Attorney for Defendant(s) | Defendant (signature) |
| Telephone: _____ | ...................................................................... |
| | ...................................................................... |
| BY: ............................................... | Address |
| | Telephone: ...................................................... |

ORDER DISMISSING ~~CAUSE~~CASE AND APPROVING STIPULATION

On the foregoing stipulation signed, delivered, and confirmed at .................... County, Florida, the ~~cause~~case is dismissed. This court retains jurisdiction to enforce the terms of this stipulation, including to enter a final judgment.

ORDERED at ...................., Florida, on .....(date)......


_____
County Court Judge


Conformed copies furnished by hand delivery to:
Plaintiff/Attorney for Plaintiff
Defendant(s)/Attorney for Defendant(s)

**Committee Notes**

**1992 Adoption.** Many parties and attorneys litigate in various jurisdictions in the state, and the committee felt that a standard form for settlement would be much more convenient for the litigants and the court system.

**1996 Amendment.** This form has been modified to reflect recent changes in the statutory rate of interest calculated on final judgment amounts.

## FORM 7.351.    FORMAT FOR DEFENDANT'S MOTION

(CAPTION)

DEFENDANT'S MOTION TO _____

Defendant, _____, files this motion to _____, and as grounds therefore, states as follows:

_____

_____

_____

_____

_____

_____

CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to .....(here insert name or names and addresses used for service)..... by .....(e-mail) (delivery) (U.S. mail)..... on .....(date)......

_____
.....(name of party).....
.....(address, e-mail address (if designated), and phone number).....

[If a party is represented by an attorney]
.....(attorney's name)......
.....(attorney's address, e-mail address, and phone number).....
Florida Bar No. ...................

**2019 Amendment.** The Committee adopted this form to assist a defendant in submitting his or her request to the court in the proper format. This form may be adapted for use by the plaintiff.

# FORM 7.352.     DEFENDANT'S MOTION TO CONTINUE

(CAPTION)

DEFENDANT'S MOTION TO CONTINUE

Defendant, _____, files this motion to continue the hearing currently scheduled for _____, 20__ at .....(time)....., and as grounds therefore, states as follows:

There is currently scheduled before the Court a hearing that I am unable to attend for the following reason(s) and request that the Court reschedule the hearing.

_____

_____

_____

CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to .....(here insert name or names and addresses used for service)..... by .....(e-mail) (delivery) (U.S. mail)..... on .....(date)......

.....(name of party).....
.....(address, e-mail address (if designated), and phone number).....

[If a party is represented by an attorney]
.....(attorney's name)......
.....(attorney's address, e-mail address, and phone number).....
Florida Bar No. ....................

**2019 Amendment.** The Committee adopted this form to assist a defendant in submitting his or her request to the court in the proper format. This form may be adapted for use by the plaintiff.

# FORM 7.353.     DEFENDANT'S MOTION TO INVOKE THE RULES OF CIVIL PROCEDURE

(CAPTION)

DEFENDANT'S MOTION TO INVOKE RULES OF CIVIL PROCEDURE

Defendant, _____ , pursuant to Florida Small Claims Rule 7.020(c), files this Motion to Invoke Rules of Civil Procedure, and requests that the Court invoke the following Rules of Civil Procedure:

_____ all Rules of Civil Procedure

_____ the following Rules of Civil Procedure:

_____

_____

_____

### CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to .....(here insert name or names and addresses used for service)..... by .....(e-mail) (delivery) (U.S. mail)..... on .....(date)......

_____

.....(name of party).....
.....(address, e-mail address (if designated), and phone number).....

[If a party is represented by an attorney]
.....(attorney's name)......
.....(attorney's address, e-mail address, and phone number).....
Florida Bar No. ....................

**2019 Amendment.** The Committee adopted this form to assist a defendant in submitting his or her request to the court in the proper format. This form may be adapted for use by the plaintiff.